19-662-cv
*EMA Garp Fund, et al. v. Banro Corporation, et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of November, two thousand nineteen.

PRESENT:    JOSÉ A. CABRANES,
            REENA RAGGI,
                    *Circuit Judges*,
            EDWARD R. KORMAN,
                    *District Judge.*[*]

---

EMA GARP FUND, L.P., LAWRENCE LEPARD,

   *Plaintiffs-Appellants,*        19-662-cv

   v.

BANRO CORPORATION, JOHN A. CLARKE,

   *Defendants-Appellees.*

---

**FOR PLAINTIFFS-APPELLANTS:**     KURT T. KALBERER, II, Kalberer LLP,
                    New York, NY.

---

[*] Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

1

**FOR DEFENDANTS-APPELLEES:**  JOSEPH GALLAGHER, Andrew M. St. Laurent, Harris, St. Laurent & Chaudhry LLP, New York, NY.

Appeal from a February 22, 2019 judgment of the United States District Court for the Southern District of New York (Katherine Polk Failla, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the February 22, 2019 judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiffs-Appellants EMA Garp Fund, L.P. ("Ema Garp") and Lawrence Lepard (jointly, "Appellants") appeal from a February 22, 2019 judgment of the District Court dismissing their claims[1] against Banro Corporation ("Banro") and Banro's former CEO, John A. Clarke ("Clarke") (jointly, "Appellees") pursuant to Fed. R. Civ. P. 12(b)(1). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Appellants claim that the District Court erred in dismissing their suit on grounds of international comity because it both incorrectly concluded that Banro's bankruptcy proceeding in Canada constituted a parallel proceeding and failed to require "exceptional circumstances" to justify its decision to abstain from exercising jurisdiction. Appellants argue further that the dismissal of this case would cause them extreme prejudice, as they would be deprived of any avenue for judicial relief, in the United States or otherwise. Finally, Appellants contend that, even if the District Court's dismissal of their claims against Banro is legally sound, their claims against Clarke should survive. Appellants argue that international comity cannot extend to Clarke, as he is not "intertwined" with or a party to Banro's bankruptcy reorganization, and because Clarke's alleged fraud occurred in the United States.

We review a district court's decision to decline jurisdiction over a case on international comity grounds for abuse of discretion. *See Leopard Marine & Trading, Ltd. v. Easy St. Ltd.*, 896 F.3d 174, 189 (2d Cir. 2018). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks, alteration, and citation omitted); *see also In re City of New York*, 607 F.3d 923, 943 n.21 (2d Cir. 2010) (explaining that "abuse of discretion" is a nonpejorative "term of art").

---

[1] Appellants' Amended Complaint alleges that Appellees violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5. *See* SPA-1.

International comity permits a court of one nation to acknowledge a legislative, executive, or judicial act of another nation, recognizing twin duties the court must balance: due respect for foreign proceedings, as well as safeguarding the rights and obligations of persons owed the protection of law. *See Leopard Marine & Trading*, 896 F.3d at 189; *see also JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 423 (2d Cir. 2005) ("We have stated that the doctrine [of international comity] is not an imperative obligation of courts but rather is a discretionary rule of practice, convenience, and expediency." (internal citation and quotation marks omitted)). We have held that foreign bankruptcy proceedings are a "discrete category of foreign litigation," *Royal & Sun All. Ins. Co. of Can. v. Century Int'l Arms, Inc.*, 466 F.3d 88, 92–93 (2d Cir. 2006), for which "comity is particularly appropriate." *Allstate Life Ins. Co. v. Linter Grp., Ltd.*, 994 F.2d 996, 999 (2d Cir. 1993).

We agree with Appellees that the District Court was within its discretion in declining, based on the principles of international comity, to exercise its jurisdiction in this case. Banro's reorganization proceeding is before the Ontario Superior Court of Justice, pursuant to Canada's Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36 (the "Banro CCAA Proceeding"). *See* SPA-2. The Banro CCAA Proceeding plainly constitutes a foreign bankruptcy proceeding deserving of the District Court's recognition. And as explained by the District Court, the Banro CCAA Proceeding satisfied the fundamental standards of procedural fairness for a foreign bankruptcy proceeding under the factors this Court delineated in *Allstate*, 994 F.2d at 999. *See* SPA-10–12.

We are not persuaded by Appellants' argument that the District Court ignored our precedent in declining to apply the standard of "exceptional circumstances" to the instant case. As stated in *Royal & Sun Alliance*, that standard is relevant when the District Court is considering whether to extend comity to a foreign proceeding other than a foreign bankruptcy proceeding, which we have expressly excepted as a "discrete category" generally requiring dismissal. 466 F.3d at 92–93. Appellants do not cite to any persuasive authority from this Circuit that would counsel departure from our established jurisprudence.

Nor are we persuaded by Appellants' insistence that the District Court erred because the foreign bankruptcy proceeding is not parallel to this one. That misses the point. We have explained that granting comity to foreign bankruptcy proceedings "mean[s] . . . that creditors of an insolvent foreign corporation may be required to assert their claims against a foreign bankrupt before a duly convened foreign bankruptcy tribunal." *Cunard S.S. Co. v. Salen Reefer Servs. AB*, 773 F.2d 452, 459 (2d Cir. 1985). Thus, the pertinent question is not whether creditors actually appear in foreign bankruptcy proceedings, but whether they "have the right to submit claims which, if denied, can be submitted to [foreign] bankruptcy court for adjudication." *Allstate Life Ins. Co.*, 994 F.2d at 999. Here, Appellants had sufficient notice of, and the opportunity to participate in, the Banro CCAA Proceeding, and declined to do so.

For this reason, we also cannot conclude that Appellants would be "extremely prejudiced" by the dismissal of their claims. Because the District Court correctly ruled that the Banro CCAA

3

Proceeding satisfied the fundamental standards of procedural fairness, we cannot agree that Appellants would suffer prejudice (let alone "extreme prejudice") because they are now unable to pursue their claims against Appellees in United States federal court.

Finally, we affirm the District Court's dismissal of the claims against Clarke. As noted by Appellees, the claims against Clarke are entirely based on his performance of his duties as CEO of Banro during the relevant period. As in *Allstate*, it "would defeat the purpose of granting comity in the first place" if the District Court permitted the claims against Clarke to proceed while dismissing Banro from the suit. *Id.* at 1000.

## CONCLUSION

We have reviewed all of the arguments raised by Appellants on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the February 22, 2019 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk